IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARRIS S. MCFADDEN           *
      Plaintiff,
v.                           *       CIVIL ACTION NO. WDQ-06-3082

ILA LOCAL 333                *
      Defendant.
                     ***

## MEMORANDUM

On November 21, 2006, Garris S. McFadden ("McFadden"), a resident of Pasedena, Maryland, filed a "Request" for injunctive relief against the International Longshoreman's Association ("ILA"), Local 333, operating out of Baltimore, Maryland.[1] Upon generous construction of the document and multiple attachments, the Court found that McFadden was taking issue with a 2006 hearing conducted by the ILA Executive Committee. That hearing apparently resulted in a unanimous decision by the ILA Executive Council to remove McFadden from the membership rolls of the ILA effective August 16, 2006. McFadden sought to enjoin the December 18, 2006 ILA election.

On December 4, 2006, the Court issued an Order which denied a preliminary injunction, stayed a decision on McFadden's Motion for Appointment of Counsel, and directed McFadden to

---

[1] A review of the court docket shows that there has been an adversarial relationship between the ILA and Plaintiff since 2001. See *McFadden v. ILA, Local 333, et al.*, Civil Action No. CCB-01-4017 (D. Md.); *McFadden v. ILA, et al.*, Civil Action No. WDQ-04-2317 (D. Md.); and *ILA, Local 333 v. McFadden*, Civil Action No. WDQ-06-670 (D. Md.). The Court notes that in *ILA, Local 333 v. McFadden*, Civil Action No. WDQ-06-670 (D. Md.), the ILA filed suit under 29 U.S.C. § 501(b) and 28 U.S.C. § 1331, seeking to place a constructive trust on books, records and assets of the ILA, Local 333 Scholarship Fund over which Plaintiff allegedly has sole possession.

supplement his "Request" and indigency motion within 30 days.[2]  On December 12, 2006, McFadden filed a response. Paper No. 5. No other materials have been received from McFadden.

McFadden provides this Court what is in essence a two-page response, accompanied by some 42 pages of documents.[3] Paper No. 5 at 1-2. He states that "the International is from New York" in an apparent attempt to provide 28 U.S.C. § 1332 diversity jurisdiction, but then points to a decision issued by the United States Court of Appeals for the Third Circuit in support of a claim regarding the ILA's denial of a court reporter to take minutes of his hearing.[4] *Id.*

Based upon a review of McFadden's materials the Court shall dismiss his action without prejudice. Not only has McFadden failed to comply with court order by providing a supplemental indigency application, but his response fails to indicate the precise basis for federal court jurisdiction. McFadden seemingly wishes to proceed under this Court diversity jurisdiction,[5] but also makes reference to alleged due process violations under federal labor laws. While *pro se* complaints are

---

[2]  The Court observed that McFadden's indigency motion relied on an incomplete and unsigned affidavit. Further, the Court questioned McFadden's basis for seeking federal subject-matter jurisdiction, noting that while he appeared to invoke federal court diversity (tort) jurisdiction, the action did not on its face satisfy diversity of citizenship requirements.

[3]  The attachments go to charges leveled against McFadden by the ILA, the scheduling of a hearing, McFadden's request for a court stenographer, an injunction issued by this Court against McFadden and the ILA Local in 2004, and correspondence regarding federal court litigation.

[4]  McFadden presents the Third Circuit opinion in *Knight v. International Longshoremen's Ass'n.*, 457 F.3d 331 (3rd Cir. 2006), which involves issues concerning, but not limited to, the ILA's denial of procedural safeguards in an internal disciplinary proceeding protected by the Labor-Management Reporting and Disclosure Act of 1959. Paper No. 5 at Attachments. McFadden seemingly focuses on the due process aspect of the opinion related to recording a union disciplinary hearing.

[5]  McFadden's action only sought injunctive relief to enjoin the ILA, Local 333 election. With the election occurring and the port union electing its officers on or about December 18, 2006, it appears that McFadden's request for relief has been rendered moot. *See* www.baltimoresun.com/news/bal-bz.ila20dec20,0,31881.story.

to be generously construed, federal courts are not required to conjure up questions never squarely presented to them.[6] *See Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985). A pleading which sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a). Moreover, each "averment of a pleading shall be simple, concise, and direct," Fed. R. Civ. P. 8(e)(1), so as to give defendants "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

McFadden's letters and attachments fail to comply with court order and federal pleading requirements. Further opportunity to supplement shall not be afforded. The complaint shall be dismissed without prejudice. Accordingly, a separate Order shall be entered, reflecting the opinion set out above.

Date:  1/12/7

William D. Quarles, Jr.
United States District Judge

---

[6]   A federal court does not act as an advocate for a *pro se* claimant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996), *cert. denied*, 522 U.S. 924 (1997); *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).